**Topola v. Wisniewski**
*[Cite as 2 AOA 423]*

*Case No. 56735*
*Cuyahoga County, (8th)*
*Decided April 5, 1990*

*Jonathan K. Henck, 11221 Pearl Road, Strongville, Ohio 44136, For plaintiff-appellee.*

*John H. Bever, 33 East Bridge Street, Berea, Ohio 44017, For defendant-appellant.*

CORRIGAN, J.

The plaintiff appeals from a summary judgment for the defendant in this personal injury action for injuries sustained by the plaintiff in a softball game. The plaintiff claims that the defendant's reckless conduct caused his injuries. His wife seeks recovery for loss of consortium. In his single assignment of error, the plaintiff challenges the propriety of the trial court's summary judgment order. We conclude that the trial court erred in ordering summary judgment in this case. Accordingly, we reverse the trial court's judgment and remand the cause for further proceedings.

A motion for summary judgment may only be granted where there exists no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Civ. R. 56(C). Summary judgment is inappropriate unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the non-moving party. *Id.* This court, in reviewing a summary judgment motion, must construe the evidence in a light most favorable to the non-moving party. *Morris* v. *Ohio Cas. Ins. Co.* (1988), 35 Ohio St. 3d 45, 47.

The plaintiff's amended complaint alleges in relevant part:

"On or about June 24, 1986, in the City of Parma Hts., County of Cuyahoga, Plaintiff was seriously and severely injured when he was recklessly knocked down by [the defendant]."

The defendant asserted in his answer that the plaintiff had assumed the risk of his injuries by participating in the softball game. He further asserted that the plaintiff's injuries resulted from the plaintiff's negligence. Moreover, the defendant claimed that the plaintiff failed to state a cause of action upon which relief can be granted. The defendant argued this last ground as the basis for its summary judgment motion. In particular, the defendant claimed that Ohio recognized a cause of action only for intentionally tortious conduct where a plaintiff's injuries occur during the course of voluntary participation in a sport.

In support of its motion, the defendant filed the deposition of the plaintiff. The plaintiff testified during his deposition that his injury occurred during a company league softball game. He explained that the two teams played in an organized league in which teams composed of workers and managers from the plant competed. The league did not have formal umpires and only some teams wore uniforms.

The plaintiff testified that he was the catcher for his team during the game. His injury occurred during a play at the plate with the defendant who was a base runner advancing from third base on an apparent sacrifice fly ball. The plaintiff testified that on the play the batter hit to right field. The right fielder threw the ball to the plaintiff and the defendant then headed for home plate. The plaintiff testified that the defendant was approximately 30 feet from home plate when he caught the ball. He stated that he caught the ball two feet from home plate on the third base side and then straddled the base line in order to tag the runner out. The plaintiff claimed that the defendant, rather than slowing down, accelerated his pace. A couple of feet from the plaintiff, the defendant leaped into the air feet first, and with a karate-kick like motion, drove his feet into the plaintiff's left leg, striking and breaking it between his ankle and knee. The plaintiff claimed that although the defendant struck him feet first, the defendant was not attempting to slide when the contact occurred. He further claimed that league rules required base runners to slide under these circumstances or they would be out.

Our review of the case authority from this state reveals that there exists differing approaches and conflicting standards with regard to the tort liability of sports participants. In *Hanson* v. *Kynast* (1987), 38 Ohio App. 3d 58, the Fifth District Court of Appeals held that there is no liability for actions which fall short of an intentional tort. The court stated that a player commits an intentional tort when he intentionally inflicts injury outside the scope of the ongoing conduct of the sport. *Id.*, at 60. In *Hanson*, the court of appeals affirmed the trial court's summary judgment order for a defendant who, moments following a goal in a lacrosse game, had thrown an opposing player to the ground causing injuries. The opposing player

had grabbed the defendant in an attempt to prevent the defendant from taunting a fallen teammate. The court of appeals concluded that the injured player could not recover since the defendant acted reflexively in the "heat of battle" with no intent to injure. *Id.*

The Ninth District Court of Appeals, contrary to the Fifth District's holding, recently determined that a sports participant may be held liable for injuries resulting from both reckless as well as intentional behavior. In *McElhaney* v. *Monroe* (Feb. 1, 1989), Wayne App. No. 13454, unreported, that court affirmed a summary judgment order for a player in a pick-up football game who had seriously injured another player by viciously tackling him.

The court recognized that both actors who act intentionally and reckless actors intend to commit the acts which result in injury. However, intentional torts involve a higher degree of appreciation of the risk of resulting injury. The actor is certain or substantially certain that specific harm shall occur. The court concluded that a player acts recklessly where he intends to commit the act which resulted in the injury and knows or should have know that the act entailed a high probability that harm would result. *Id.*

However, the Ninth District Court of Appeals wholly rejected this approach in favor of the Restatement approach five months later. In *Marchetti* v. *Kalish* (June 21, 1989), Summit App. No. 13890, unreported, the court held that a defendant who had run into and knocked down the plaintiff in a game of "kick the can" could be held liable for the plaintiff's injuries where the defendant's actions were outside the scope of the game's rules.

The court recognized that an analysis of whether a defendant acted intentionally or recklessly is not helpful in all cases since intentional or reckless conduct may be accepted conduct in a particular sport (i.e., professional boxing, football, hockey). Accordingly, the court adopted the Restatement approach which in essence requires a determination of whether the plaintiff consented to the conduct which caused the injury. In this respect, consent shall generally be presumed where the conduct falls within the rules or usages of the sport.

Under the Restatement, conduct which ordinarily would result in liability shall not result in liability where an individual acts with the consent of the person affected by the conduct. Restatement of the Law 2d, Torts (1965) 17, Section 10. One who consents to the conduct of another cannot recover in a tort action for the conduct or resulting harm. *Id.*, 364, Section 892(A). Players in a game effectively consent to those bodily contacts which are permitted by the rules or usages of the game. *Id.*, 86, Section 50, Comment b. Accordingly, injuries which occur as a result of the set of bodily contacts permitted in a given sport constitute the known, apparent, or reasonably foreseeable consequences of participation. *Marchetti* v. *Kalish, supra.*

We find this reasoning persuasive. Accordingly, we hold that a player who intentionally or recklessly injures another player while participating in a sporting event may be held liable for those injuries where the rules or usages of the particular game do not permit the conduct which caused the injuries.

In the instant action, the plaintiff testified that league rules require base runners to slide or be called "out". The plaintiff stated that the defendant did not slide as he approached home plate, but rather leaped at the last instant and drove his feet in some unorthodox manner into the plaintiff's leg. In construing this evidence in a light most favorable to the plaintiff, we find that reasonable minds could conclude that the defendant acted recklessly and that his conduct fell outside the scope of the rules or usages of the game. Accordingly, since genuine issues of material fact exist, we sustain the plaintiff's single assignment of error. We reverse the trial court's judgment and remand the case for further proceedings.

*Judgment reversed and cause remanded.*

JOHN V. CORRIGAN, P.J., Concurs; DAVID T. MATIA, J., Dissents.